Case No. 15-30030

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

DARRIN KENNY LEWIS, SR., individually and as natural tutor of his minor child B; OSCAR VARNADO,

Plaintiffs - Appellants

v.

ASCENSION PARISH SCHOOL BOARD,

Defendant - Appellee

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA
CIVIL ACTION NO. 3:08-CV-193
THE HONORABLE BRIAN JACKSON, CHIEF JUDGE PRESIDING

REPLY BRIEF OF PLAINTIFFS-APPELLANTS
DARRIN KENNY LEWIS, SR., INDIVIDUALLY AND AS NATURAL TUTOR
OF HIS MINOR CHILD B; OSCAR VARNADO

ROBERT RYLAND PERCY, III, #10418
PERCY, LANOUX & MUMPHREY
712 N. BURNSIDE AVENUE
GONZALES, LOUISIANA 70737
TEL: 225-621-8522
FAX: 225-647-6959

*COUNSEL FOR
PLAINTIFFS-APPELLANTS*

**TABLE OF CONTENTS**

**Page**

Table of Authorities ..................................................................................................3

Argument...................................................................................................................4

       I.     *De Novo Review is Required* ..................................................................4

       II.    *This Case is Not Lower Merion*............................................................5

       III.   *Lewis Did Not Waive Gerrymander Claim.* ..........................................8

       IV.   *The Board Ignores Its Use of Edulog*.....................................................9

Conclusion ..............................................................................................................10

Certificate of Service ..............................................................................................12

Certificate of Compliance…………………………………………………………13

## TABLE OF AUTHORITIES

### CASES

**Page**

*Doe v. Lower Merion Sch. Dist.*,
   665 F.3d 524 (3d Cir. 2011)……………………………………………..5,6,7,8,9

*Lewis v. Ascension Parish Sch. Bd.*,
   662 F.3d 343 (5th Cir. 2011)…………………………………………………...8

*Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*,
   551 U.S. 701, 127 S.Ct. 2738 (2007)……………………………………………6,10

*Spurlock v. Fox*,
716 F.3d 383,388 (6th Cir. 2013)……………………………………………...9

### OTHER

George C. Pratt
   *Standard of Review*,19 James Wm. Moore et al.,
    Moore's Federal Practice §206.01 (3d ed. 2003)………………………............4

Steven Alan Childress
   *A Standards of Review Primer: Federal Civil Appeals*,
    125 F.R.D. 319, 325 (1989)……………………………………………..……4

## ARGUMENT

### I. THE LEGAL CONCLUSIONS MADE BY THE DISTRICT COURT MUST BE REVIEWED *DE NOVO*.

The Ascension Parish School Board (the "Board") incorrectly claims that Darrin Kenny Lewis, Child B, and Oscar Varnado (collectively "Lewis", unless otherwise indicated) must prove that each of the District Court's rulings were clearly erroneous. However, the standard of review for a bench trial is well established: findings of fact are reviewed for clear error and legal issues are reviewed *de novo*.[1] Under *de novo* review, the appellate court must consider the matter anew, as if no decision had been previously rendered, and no deference will be given to the district court's legal analysis.[2] To be clear, *de novo* review does not mean that the appellate court will retry the case. It means only that the appellate court claims the authority to reach a legal conclusion different from that reached by the trial court on the same record.[3]

Here, Lewis does not contest the lower court's findings of fact.[4] Lewis does, however, disagree with the legal conclusions reached by the lower court and those legal conclusions must be reviewed *de novo*. Accordingly, Lewis requests that this

---

[1] *See* Lewis's Opening Brief p. 12.
[2] George C. Pratt, *Standard of Review*, 19 James Wm. Moore et al., Moore's Federal Practice §206.01 (3d ed. 2003).
[3] *See* Steven Alan Childress, *A Standards of Review Primer: Federal Civil Appeals*, 125 F.R.D. 319, 325 (1989).
[4] In his Opening Brief, Lewis cites exclusively to the lower court's findings of fact to bolster his claims. This appeal is not about findings of fact. This appeal is about the (incorrect) legal analysis used by the lower court.

Court give no deference to the lower court's legal analysis, and ultimately find that the lower court misapplied the law to its findings of fact.

## II. THIS CASE IS NOT *LOWER MERION*.

The Board, like the Trial Court, relies exclusively on the Third Circuit case of *Doe v. Lower Merion School District*, 665 F.3d 524 (3rd Cir. 2011) to support its position that Lewis was similarly situated ONLY to white students at East Ascension High School, and not to white students attending Dutchtown High School and St. Amant High School.[5] The Board claims that *Lower Merion* "present[s] an analogous situation"[6] to this case. This is simply incorrect for several reasons.

First, the *Lower Merion* Community Advisory Committee's ("CAC") main goal was to balance the student populations between the two high schools. In fact, CAC recommended that a new high school should be built under any plan adopted by the District.[7] However in this case before the Court, the Ascension Parish Growth Impact Committee never considered building new high schools to alleviate overcrowding. Instead, Growth Impact Committee and the Board redistricted

---

[5] For an in-depth discussion as to why Lewis was similarly situated to white students at Dutchtown High School and St. Amant High School, please see p. 29 of Lewis's Opening Brief.
[6] Appellee's Brief p. 19.
[7] *Lower Merion*, 665 F.3d at 530.

students based on race to maintain unitary status—which the Board has consistently admitted was a main goal of Option 2f.[8]

Secondly, the only reason the *Lower Merion* school district considered race was to diversify otherwise homogenous student populations.[9] In this case, however, the Ascension Parish School Board classified each student on the basis of race using Edulog[10] in an effort to "maintain unitary status"[11] -- not to achieve diversity among the three Ascension Parish High Schools.

Third, the presentation of Plan 3R to the *Lower Merion* District Members did not include any racial data and was voted on nearly one month after being first presented to the Board.[12] Here, however, the Ascension Parish School Board Members considered a single document created by Superintendent Donald Songy outlining the racial ramifications of each plan before adopting Option 2f.[13] Moreover, the Board adopted Option 2f the very same night it received Mr. Songy's chart.

---

[8] Appellee's Brief pgs. 3, 4.
[9] *Lower Merion*, 665 F.3d at 532,534.
[10] Lewis's Opening Brief p. 28.
[11] It is clear the Board's use of racial projections is in direct contradiction with *Parents Involved in Community Schools v. Seattle School District No. 1*, 551 U.S. 701 (2007) which prohibits a school board to use race in an effort to maintain unitary status.
[12] *Lower Merion*, 665 F.3d at 537.
[13] Lewis's Opening Brief pg. 15.

Fourth, the *Lower Merion* Board Members unanimously testified that they did not cast their vote for Plan 3R based on race.[14] This distinction between the two cases is critical because the Ascension Parish School Board Members have consistently testified that race was a major factor in the adoption of Option 2f.[15]

Fifth, when reaching its conclusion that *Lower Merion*'s Plan 3R did not treat similarly situated individuals of a different race in a different manner, the Third Circuit relied heavily on the fact that Plan 3R resulted in <u>only</u> fourteen African-American students being sent into a predominately (82.4%) white high school.[16] Unlike the Plaintiffs in *Lower Merion*, Lewis has alleged the Ascension Parish School Board intentionally funneled a disproportionate amount of minorities and at-risk students into East Ascension High School which has negatively impacted his children's quality of education. Further, the adoption of Option 2f has resulted in East Ascension being now comprised of 52.8% nonwhite students,[17] as opposed to 42% nonwhite students when Option 2f was first adopted. These distinctions between *Lower Merion* and the case at bar must not be ignored.

As much as the Trial Court and the Board try, this case is not *Lower Merion*. The Third Circuit ultimately dismissed the *Lower Merion* Plaintiffs for two reasons: 1) the fourteen (14) African-American students' quality of education was

---

[14] *Lower Merion*, 665 F.3d at 537.
[15] Lewis's Opening Brief p. 25.
[16] *Lower Merion*, 665 F.3d at 538,550.
[17] East Ascension High School is also currently comprised of 51.83% at-risk students as opposed to 40.37% at-risk students when Option 2f was first adopted.

in no way affected by the adoption of Plan 3R; and 2) Board members unanimously testified that race played no factor when casting their votes for Plan 3R.[18]

Lewis asserts that the two cases are not the same and *Lower Merion* should be given no weight because the *Lower Merion* School District moved a minuscule number of nonwhite students in a predominately white high school and the impact on those nonwhite students was negligible and impossible to prove. Compared to the case at bar however, Option 2f has resulted in East Ascension High School becoming majority nonwhite and at-risk. Moreover, the achievement gap between East Ascension High School and the other two East Bank high schools has consistently increased in each subsequent year. These are facts that Lewis proved at trial and were completely ignored by the Trial Court.

### III.  LEWIS DID NOT WAIVE RACIAL GERRYMANDERING CLAIM.

In its brief, the Board states: "this Court pointedly stated that Lewis's prior claim based on "racial balancing" was not preserved and was specifically waived." This is simply not true. In 2011, this Court stated:

> "On appeal, Lewis has abandoned his continuing violation argument. Instead, he argues that he was not, nor should have been, aware of the facts necessary to assert his claim based on the 2002 modification until public hearings were held in the summer or early fall of 2007.

---

[18] The *Lower Merion* court also performed a discriminatory intent analysis, unlike the Trial Court in the instant case. *See Lower Merion*, 665 F.3d at 551.

This argument is waived because it was not presented to the magistrate judge."[19]

In 2011 the only claim Lewis waived was his continuing violation argument. Despite the Board's assertion, this Court did not "pointedly state" Lewis's racial gerrymandering claim was waived. The only judge to unequivocally declare Lewis waived this claim was Judge King in her dissent. The other two judges made no such assertion. As Judge Edith Jones correctly opined, "Lewis states flatly later in his reply brief that 'the actions of racial balancing by the [Board] are unconstitutional.' This is an issue we cannot avoid." Accordingly, Lewis requests that his Honorable Court not avoid this issue, like the Board and the Trial Court, and declare the Board engaged in racial gerrymandering.[20]

## IV. THE BOARD IGNORES ITS USE OF EDULOG.

In its brief, the Board asserts that the District Court correctly concluded the Board's use of racial demographic data did not amount to a rezoning plan that assigned students on the basis of race. To support this assertion, the Board relies on *Lower Merion* and *Spurlock v. Fox* which, according to the Board, held that a school board's consideration of racial data did not amount to a classification by race. While both cases determined that the respective school districts considered

---

[19] *Lewis*, 662 F.3d at 347.
[20] For an in-depth discussion as to why the Board engaged in racial gerrymandering, please see p. 54 of Lewis's Opening Brief.

9

race in their redistricting plans,[21] each school district's consideration of race was constitutionally permissible because race was used to diversify otherwise homogenous student body populations.[22] However in this case and unlike *Spurlock* and *Lower Merion*, the Ascension Parish School Board considered race for a constitutional impermissible reason—to maintain unitary status.[23]

Moreover, the Board completely ignores its use of Edulog to classify individual students on the basis of race. As stated in Lewis's Original Brief, it is impossible for the Trial Court to determine that the Board calculated the percentage of black students at each East Bank school using Edulog, the software used to construct Option 2f, and not find that the Board classified individual students by race.[24]

Lewis further asserts that it is impossible for the Board to state that a main goal Option 2f was to maintain unitary status without classifying each student on the basis of race and projecting that race-assigned student's impact on each of the high school's racial makeup. The Board additionally ignores the fact adduced at trial that the ONLY document received and considered prior to the vote on Option 2f was Superintendent Songy's "Statistical Analysis" chart.[25] The "geographical boundaries, maps of those boundaries, the feeder plan, and implementation

---

[21] *Lower Merion*, 665 F.3d at 532; *Spurlock v. Fox*, 716 F.3d 383,388 (6th Cir. 2013).
[22] *Parents Involved*, 551 U.S. at 789. (Kennedy, J. concurring).
[23] *Id.* at 701.
[24] Lewis's Opening Brief p.28.
[25] Lewis's Opening Brief pgs. 15-17.

schedule…" that the Board alleges is Option 2f were only created AFTER the adoption of Option 2f.[26] Accordingly, Lewis request that this Honorable Court find that Trial Court erred by finding that Option 2f classified students solely on geographical location.

## CONCLUSION

The Trial Court reached numerous legal conclusions and used flawed interpretations of legal principles in concluding that all of Lewis's claims should be dismissed. The Plaintiffs-Appellants request that this Honorable Court reverse the Trial Court's ruling for the reasons set out in their submitted briefs.

Respectfully submitted:

/s/ Robert Ryland Percy, III
Robert Ryland Percy, III, #10418
PERCY, LANOUX & MUMPHREY
712 N. Burnside Avenue
Gonzales, Louisiana 70707-1096
TEL: 225-621-8522
FAX: 225-647-6959

*Attorney of Record for Plaintiffs-Appellants*

---

[26] *Id.*; the Board does not dispute this in its Opposition Brief.

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Reply Brief was timely filed on April 24, 2015 by electronically filing a copy of the same in Portable Document Format (PDF) as required by Rule 25 of the Federal Rules of Appellate Procedure and Fifth Circuit Rule 30.

I further certify that on, April 24, 2015 one (1) paper copy of the foregoing brief and an electronic version of the brief in PDF format were served on the following individuals via the method indicated:

| | |
|---|---|
| Robert L. Hammonds, Pamela Wescovich Dill<br>*Hammonds, Sills, Adkins & Guice, LLP*<br>2431 S. Acadian Thruway<br>Baton Rouge, LA 70808 | *via regular U.S. Mail* |
| Jeffrey Diez<br>*Gordon R. Crawford and Associates*<br>324 W. Worthy St.<br>Gonzales, LA 70737 | *via regular U.S. Mail* |

/s/ Robert Ryland Percy, III
Robert Ryland Percy
Counsel for Plaintiffs-Appellants

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2,315 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii),

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office 2007 in Times New Roman 14 font.

/s/ Robert Ryland Percy, III
Robert Ryland Percy
Counsel for Plaintiffs-Appellants

April 24, 2015